UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Terry L. Noble,

            Petitioner,

vs.                          REPORT AND RECOMMENDATION

Scott P. Fisher,

            Respondent.      Civ. No. 10-2021 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Terry L. Noble for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules
(continued...)

## II. Factual and Procedural Background

In 2005, the Petitioner entered into a plea agreement in a Federal criminal case that was brought against him in the United States District Court for the Eastern District of Michigan. Under the terms of that agreement, the Petitioner pled guilty to one controlled substance offense, and one firearms offense, and several other pending charges were dismissed. The Petitioner was sentenced to an aggregate term of 120 months in prison, and he is presently serving that sentence at the Federal Correctional Institution, in Sandstone, Minnesota. See, Petition, Docket No. 1, at pp. 1-3.

The Petitioner did not file a direct appeal after he was convicted and sentenced, and it appears that he has never applied for post-conviction relief under 28 U.S.C. §2255. Id. at pp. 3, 8. However, the Petitioner has commenced two other legal proceedings pertaining to his sentence. First, he filed a Motion in the Trial Court, which sought relief under Title 28 U.S.C. §3582. According to the Petitioner, an

---

¹(...continued)
Governing Section 2254 Cases are most directly applicable to Habeas petitions filed by State prisoners, pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. §2241. See, Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts; Mickelson v. United States, 2002 WL 31045849 at *2 (D.Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270 n.1 (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

Order was entered on May 12, 2009, which "corrected my imposed sentence to satisfy B.O.P." Id. at p. 4. The Petitioner also filed a previous Habeas Corpus Petition under 28 U.S.C. §2241, in which he challenged the manner in which his sentence had been interpreted, and calculated, by the Federal Bureau of Prisons ("BOP"). That Section 2241 case was filed in this District, and it was dismissed, with prejudice, on December 2, 2009. See, Noble v. Fondren, Civil No. 08-6259 (JRT/RLE).

In his present Habeas Corpus case, the Petitioner is once again attempting to challenge his Federal prison sentence. The current Petition presents a single claim for relief which, repeated verbatim, and in its entirety, reads as follows:

> An offense level 14, Category IV is the guideline range of a 922(g)(1) for my case. I ask the court for a remedy to make my sentence fair and just. * * * A 120 months [sic] exceeds the guideline range of a 922(g)(1) within Facts of my case.

Id. at p. 7.

The Petitioner has offered no further explanation of his claim, nor has he provided any description of the facts, and legal principles, on which his claim is based.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner's current challenge to his sentence is not cognizable in a Habeas Corpus Petition brought under Title 28 U.S.C. §2241.

III. Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255. See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence. See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No Court has jurisdiction over a Federal prisoner's collateral attack against his conviction or sentence under Section 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of the sentence imposed, in 2005, in his Federal criminal case in the Eastern District of Michigan. The Petitioner alleges that the Trial Court misapplied the Federal Sentencing Guidelines to his case. Therefore, we find that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255. The matter can then be transferred to the Trial Court, for a substantive review of the prisoner's claims. Here, however, the Petitioner is precluded from seeking relief under Section 2255, because any Section 2255 Motion would now be time-barred by the one (1) year statute of limitations which is applicable to such Motions. See, Title 28 U.S.C. § 2255(f).

The Petitioner may believe that Section 2255 is "inadequate or ineffective to test the legality" of his sentence, because the remedy provided by that Statute is no longer available to him, due to the expiration of the one (1) year statute of limitations. However, that reasoning must be rejected. Our Court of Appeals has clearly held that Section 2255 will **not** be viewed as inadequate or ineffective "merely because * * * petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) [citations omitted]; see also, Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition"). The Court of Appeals has

further held that Section 2255 "is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, supra at 963.

In this case, the Petitioner's current claim, which challenges the Trial Court's application of the Sentencing Guidelines, cannot be brought under Section 2241, because that claim could have been raised in a direct appeal, or in a timely Section 2255 Motion. The remedy provided by Section 2255 is not rendered "inadequate or ineffective" simply because the Petitioner failed to raise his current claim for relief when he could have, and should have, done so.

As the Court of Appeals pointed out in Abdullah v. Hedrick, supra at 963, quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999):

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

Again, the Petitioner could have raised his current claim for relief on direct appeal, or in a timely Section 2255 Motion. Therefore, in the words of Abdullah, the Petitioner had "a shot" at raising his current claim for relief, and failed to take it and, as a

consequence, he is not entitled to another shot at challenging his sentence here. See, Abdullah v. Hedrick, supra.

As a consequence, for the foregoing reasons, we find that the Petitioner **cannot** qualify for the Section 2255 "inadequate or ineffective remedy" savings clause, simply because he failed to raise his current claims when he had the chance -- i.e., in a direct appeal, or in a timely Section 2255 Motion. Since the savings clause exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges the legality of his 2005 prison sentence, is barred by the Section 2255 exclusive remedy rule, and cannot be entertained here. See, Bauer v. Ashcroft, 2003 WL 541692 at *2 (D.Minn., February 19, 2003). Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See DeSimone v. Lacy, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that Section 2255 Motion was an inadequate or ineffective remedy); Abdullah v. Hedrick, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or

ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").[2]

NOW, THEREFORE, It is --

---

[2]Even if the Petitioner's current claim for relief could properly be brought in a Section 2241 Habeas Corpus Petition, this case would still suffer from several fatal defects that would require a summary dismissal. First, it does not appear that the Petitioner has exhausted his administrative remedies, which is an elemental prerequisite for bringing a Section 2241 Habeas Corpus Petition. See, United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001)[unpublished opinion]; United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002)[unpublished opinion]. Second, the current Petition constitutes an "abuse of the writ," because the Petitioner did not present his current claim for relief in his previous Section 2241 Habeas Corpus case, see Noble v. Fondren, Civil No. 08-6259 (JRT/RLE);see also, Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995)("'A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition.'")[citations omitted]. Finally, the Petitioner has not presented any factual basis, or any legal basis, for his current claim. He has simply alleged that his sentence "exceeds the guideline range" for the "facts of [his] case." Accordingly, the Petitioner could not be granted a Writ of Habeas Corpus based on this vague, conclusory, and wholly unsupported claim, even if his sentence were reviewable in a Section 2241 Habeas Corpus proceeding.

RECOMMENDED:

That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily DISMISSED for lack of jurisdiction.

Dated: May 14, 2010            *s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 28, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than May 28, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.